IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Richard Ziarno, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   13 C 2168 |
| Enhanced Recovery Company, LLC, a Delaware limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Richard Ziarno, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

### JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

### PARTIES

3. Plaintiff, Richard Ziarno ("Ziarno"), is a citizen of the State of New York, from whom Defendant attempted to collect a delinquent consumer debt, likely for a cell phone bill, despite the fact that he was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Enhanced Recovery Company, LLC ("ERC"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. Defendant ERC operates a nationwide debt collection business and attempts to collect debts from consumers in every state, including many thousands of consumers in the State of Illinois. In fact, Defendant ERC was acting as a debt collector as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant ERC is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, ERC conducts business in Illinois.

6. Moreover, Defendant ERC is licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, ERC acts as a debt collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Mr. Ziarno is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills. When ERC began trying to collect a delinquent consumer debt from Mr. Ziarno, likely for a cell phone bill, he sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant ERC's collection actions.

8. Accordingly, on August 30, 2010, one of Mr. Ziarno's attorneys at LASPD informed ERC, in writing, that Mr. Ziarno was represented by counsel as to its account number xxxxx989, and directed ERC to cease contacting him, and to cease all further

collection activities because Mr. Ziarno was forced, by his financial circumstances, to refuse to pay his unsecured debts. Copies of this letter and fax confirmation are attached as Exhibit C.

9. Nonetheless, Defendant ERC continued to call Mr. Ziarno directly, including, but not limited to, a telephone call on February 22, 2012, from telephone number 800-501-7759, attempting to collect account number xxxxx989.

10. Accordingly, on February 26, 2013, one of Mr. Ziarno's LASPD attorneys had to write to Defendant ERC again to demand that it cease communications and cease collection of the debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11. Defendant ERC's collection actions complained of herein occurred within one year of the date of this Complaint.

12. Defendant ERC's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

### COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

13. Plaintiff adopts and realleges ¶¶ 1-12.

14. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

15. Here, the letter from Mr. Ziarno's, agent/attorney, LASPD, told Defendant

3

ERC to cease communications and cease collections (Exhibit C). By continuing to communicate regarding this debt and demanding payment, Defendant ERC violated § 1692c(c) of the FDCPA.

16. Defendant ERC's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

17. Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debts and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

19. Defendant ERC knew that Mr. Ziarno was represented by counsel in connection with his debts because his attorneys at LASPD had informed Defendant, in writing (Exhibit C), that he was represented by counsel, and had directed Defendant ERC to cease directly communicating with him. By directly calling Mr. Ziarno, despite being advised that he was represented by counsel, Defendant ERC violated § 1692c(a)(2) of the FDCPA.

20. Defendant ERC's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Richard Ziarno, prays that this Court:

1. Find that Defendant ERC's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Ziarno, and against Defendant ERC, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Richard Ziarno, demands trial by jury.

Richard Ziarno,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: March 21, 2013

David J. Philipps (Ill. Bar No. 06196285)
Mary E. Philipps (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com

5